# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HONEY BURGET,**

        **Plaintiff,**

**v.**                                                                          Case No: 6:22-cv-1031-WWB-DCI

**WILLIAM BARRETT NICHOLS,**

        **Defendant.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **Joint Motion to Substitute Defendant Party (Doc. 19)**
>
> **FILED:**        **April 30, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On March 12, 2024, Plaintiff filed a Suggestion of Death to "give notice to the parties to this action and the Court concerning the death of the Defendant[.]" Doc. 18 (the Notice). Pending before the Court is the parties' Joint Motion to Substitute Defendant Party pursuant to Federal Rule of Civil Procedure Rule 25. Doc. 19 (the Motion).

As a threshold matter, the Motion is due to be denied because the parties fail to include a legal memorandum in support of the request for relief. *See* Local Rule 3.01(a). The Motion is also due to be denied because it is premature. Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days

> after service of a statement noting the death, the action by and against the decent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

"To determine who is a proper party, courts consider applicable state law." *Logan v. Smith*, 2016 WL 9115544 (M.D. Fla. February 8, 2016) (citing *Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982); *Wilson v. Garcia*, 471 U.S. 261 (1985)). "In Florida, a legal representative of a decedent is a proper party for substitution." *Id*. (citing *Boyer v. Boyer*, 182 So.222, 223 (Fla. 1938)). "If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution." *Id*. (citing *Metcalfe v. Lee*, 952 So.2d 624, 630 (Fla. 4th DCA 2007); *Schaeffler v. Deych*, 38 So.3d 796, 800 (Fla. 4th DCA 2010)).

Here, the parties contend that on April 2, 2024, Defendant's child, Mark W. Nichols, opened an estate in California and "will be named the executor of the Estate of William Barrett Nichols on May 14, 2024." Doc. 19 at 1. The parties make this representation because a hearing has been set for consideration of Mark W. Nichols' petition for probate and "Mark W. Nichols is expected to be named the executor to the estate." *Id*. at 1 n.1. The parties, therefore, request that the Court substitute Mark W. Nichols as the personal representative of Defendant's estate. *Id*. at 2.

While Mark W. Nichols may be a proper party for substitution *if* he becomes the personal representative of the estate, that event has not yet occurred. Rule 25 does not seem to contemplate substitution based on the expected outcome of a future hearing no matter how probable. The Motion is, therefore, premature. *See CFTC v. Larralde, et. al.*, 2024 WL 245808, at *1 (M.D. Fla. Jan. 23, 2024) (finding the motion for substitution was due to be denied in part as premature as the moving non-party was not yet deemed the personal representative of an estate and did not establish that she was a successor under Florida law). Also, to the extent the parties contend Mark W.

Nichols may properly substitute Defendant even though the California court has not yet granted the petition, there is nothing before the Court to otherwise demonstrate that he is a proper successor or representative for purposes of Rule 25. In other words, the parties have not provided a legal basis for relief.

Finally, assuming *arguendo* Mark W. Nichols is a successor or representative, it appears that substitution is improper because the parties have not demonstrated proper service. Rule 25 sets forth the following requirements regarding service:

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a)(3).

Here, there is nothing before the Court to reflect service of the Notice *or* the Motion on non-party Mark W. Nichols. *See* Docs. 18, 19. As such, the parties have not shown compliance with Rule 25(a)(3). *See McGuinnes v. Novartis Pharms. Corp.*, 2013 WL 425331, at *2 (M.D. Fla. Feb. 4, 2013) ("[T]he party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4.").

Based on the foregoing, the Motion (Doc. 19) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties