**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HONEY BURGET,**

        **Plaintiff,**

v.                                                       **Case No: 6:22-cv-1031-WWB-DCI**

**WILLIAM BARRETT NICHOLS,**

        **Defendant.**

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Renewed Motion to Substitute Defendant Party (Doc. 29)** |
| **FILED:** | **April 30, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 12, 2024, Plaintiff filed a Suggestion of Death to "give notice to the parties to this action and the Court concerning the death of the Defendant[.]" Doc. 18 (the Notice). The parties then filed a Joint Motion to Substitute Defendant Party pursuant to Federal Rule of Civil Procedure Rule 25. Doc. 19. (the Initial Motion). The parties stipulated and agreed that Mark W. Nichols (Mark Nichols) is an appropriate party to be substituted in place of Defendant because a probate hearing was set in the future and Mark Nichols was expected to be named as the executor of the estate. Doc. *Id*. The Court denied without prejudice the Initial Motion because the parties

did not comply with Local Rule 3.01(a), the request was premature, and the parties did not establish service in accordance with Federal Rule Civil Procedure 25 (a)(3). Doc. 21.

The parties have filed a Renewed Joint Motion for Leave to Substitute Defendant Party. Doc. 29 (the Motion). The Motion is due to be granted. The parties now support their request with a memorandum of authority and an Order of Probate, and address service of process under Rule 25.

Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by and against the decent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

Here, the parties claim that Defendant's adult child, Mark Nichols, opened an estate in San Diego, California and has since been named the executor of Defendant's estate. Doc. 29 at 1. The parties submit an Order of Probate from the Superior Court of California filed on May 14, 2024. *Id*. at 4. The Order of Probate reflects that William B. Nichols died on January 28, 2024, and the probate court has ordered that Mark Nichols be appointed as personal representative—executor of the decedent's will. *Id*. As such, the parties request that the Court order the substitution of Mark Nichols in place of Defendant. *Id*. at 3.

As an initial matter, the Court finds that the Motion is timely. On March 12, 2024, Plaintiff filed the Notice, and the parties filed the Motion on May 30, 2024. Docs. 18, 29.[1] Accordingly, the parties' filed the Motion within the allotted time.

---

[1] The Court also granted Plaintiff's Motion for an Extension of Time to Substitute Parties. Docs. 22, 23, 32).

As to the substance of the parties' request for substitution, the Court finds Mark Nichols is a proper party. Rule 25 permits substitution of a proper party upon a death if the claim is not extinguished. Fed.R.Civ.P. 25(a)(1). "To determine who is a proper party, courts consider applicable state law." *Logan v. Smith*, 2016 WL 9115544 (M.D. Fla. February 8, 2016) (citing *Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982); *Wilson v. Garcia*, 471 U.S. 261 (1985)). "In Florida, a legal representative of a decedent is a proper party for substitution." *Id*. (citing *Boyer v. Boyer*, 182 So.222, 223 (Fla. 1938)). "If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution." *Id*. (citing *Metcalfe v. Lee*, 952 So.2d 624, 630 (Fla. 4th DCA 2007); *Schaeffler v. Deych*, 38 So.3d 796, 800 (Fla. 4th DCA 2010)). [2]

The documentation on the record reflects that Defendant is deceased and the parties have adequately demonstrated that Mark Nichols has been appointed as personal representative of the estate. Also, there is nothing before the Court to represent that the claim has been extinguished.

With respect to service, Rule 25 sets forth the following requirements:

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a)(3). According to the Motion, the "undersigned counsel" accepted service on behalf of Mark Nichols and has been served with a copy of the Suggestion of Death and a copy of

---

[2] On the issue of who is deemed a proper personal representative under Rule 25, the parties cite to Florida law. Doc. 29 at 2. Even assuming *arguendo* that California law applies, the Court finds that Mark Nichols still qualifies as a personal representative for purposes of Rule 25. *See Cal. Prob. Code* § 58(a) ("'Personal representative' means executor, administrator, administrator with the will annexed. . . acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status.").

the Motion. Doc. 29 at 3; *see also* Doc. 28.³ The parties represent that "undersigned counsel" also represents Mark Nichols. *Id*.

Based on the foregoing, the Court finds that service was proper pursuant to Federal Rule of Civil Procedure 4(e)(2)(C).

It is, therefore, **ORDERED** that:

1. the Motion (Doc. 29) is **GRANTED**;

2. the Clerk is directed to amend the case caption to substitute Mark W. Nichols, personal representative of the estate of William Barrett Nichols, as the named Defendant in this case.

**ORDERED** in Orlando, Florida on June 10, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

³ The Motion is jointly filed and, therefore, "undersigned counsel" is both Brian Michael Davis for Plaintiff and Peter Shaun Garcia of DSK Law Group for Defendant. Doc. 29. It appears that the parties meant to specify that Mr. Garcia is the relevant "undersigned counsel." Indeed, Plaintiff filed a Notice of Filing Return of Service wherein Plaintiff states that Mr. Garcia is Mark Nichols' attorney. Doc. 28.